IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALL CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-844 (GMS) |
| | ) |
| BONDDESK GROUP, L.L.C., and | ) |
| BONDDESK TRADING, L.L.C., | ) |
| | ) |
| Defendants. | ) |

**<u>DEFENDANTS' ANSWER AND COUNTERCLAIMS TO THE COMPLAINT</u>**

In response to the Complaint filed by Plaintiff Wall Corporation ("Wall") on December 26, 2007, Defendants and Counterclaimants BondDesk Group, L.L.C. and BondDesk Trading, L.L.C. (collectively, "BondDesk") plead as follows:

**THE PARTIES**

1.   BondDesk lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1, and therefore denies each and every allegation contained therein.

2.   Admitted.

3.   Admitted.

**JURISDICTION AND VENUE**

4.   BondDesk admits that Wall's Complaint alleges an action for patent infringement arising under the patent laws of the United States.  BondDesk admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted, BondDesk denies the allegations of Paragraph 4.

5. BondDesk admits that personal jurisdiction exists over it because it is organized and exists under the laws of the State of Delaware. BondDesk further admits that personal jurisdiction exists over it because it has sufficient minimum contacts with the forum as a result of business conducted within the State of Delaware and within the District of Delaware. Except as expressly admitted, BondDesk denies each and every allegation of Paragraph 5.

6. Admitted.

## COUNT I

7. BondDesk realleges and incorporates by reference Paragraphs 1 through 6 of this Answer as if fully set forth herein.

8. BondDesk admits that, on its face, U.S. Patent No. 7,231,363 ("the '363 patent"), entitled "Method and System for Re-brokering Orders in a Trading System," indicates that it was issued by the United States Patent and Trademark Office ("PTO") on June 12, 2007, but denies that it was duly and legally issued. Except as expressly admitted, BondDesk lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 8, and therefore denies the remaining allegations contained therein.

9. BondDesk denies each and every allegation of Paragraph 9.

10. BondDesk denies each and every allegation of Paragraph 10.

11. BondDesk denies each and every allegation of Paragraph 11.

12. BondDesk denies each and every allegation of Paragraph 12.

13. BondDesk denies each and every allegation of Paragraph 13.

14. BondDesk denies each and every allegation of Paragraph 14.

15. BondDesk denies each and every allegation of Paragraph 15.

16. BondDesk denies each and every allegation of Paragraph 16.

17.     BondDesk denies that Wall is entitled to any of the relief it seeks in its Prayer for Relief.

## ADDITIONAL DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, BondDesk asserts the following additional defenses and reserves the right to amend its Answer as additional information becomes available.

## FIRST DEFENSE
### (INVALIDITY)

18.     Each of the claims of the '363 patent is invalid on the grounds that the purported invention claimed therein fails to meet the conditions of patentability specified in Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, and 112 of Title 35, and/or under the doctrine of obviousness-type double patenting.

## SECOND DEFENSE
### (NON-INFRINGEMENT)

19.     BondDesk does not and has not infringed, induced infringement of, or contributed to the infringement of, any claim of the '363 patent, either literally or under the doctrine of equivalents, nor willfully or otherwise.  If the claims at issue are interpreted so broadly as to read on any accused product or method, BondDesk does not and has not infringed, induced infringement of, or contributed to the infringement of, any such claim of the patents under the Reverse Doctrine of Equivalents.

## THIRD DEFENSE
### (PROSECUTION HISTORY ESTOPPEL)

20.     Wall is barred from asserting a claim for infringement by equivalents under the doctrine of prosecution history estoppel.

## FOURTH DEFENSE
(ADEQUATE REMEDY AT LAW)

21. Wall would have an adequate remedy at law if there were infringement, which there is not. No basis exists for the grant of equitable relief.

## COUNTERCLAIMS
(DECLARATORY JUDGMENT AS TO THE '363 PATENT)

1. BondDesk incorporates by reference what is set out in the preceding paragraphs as if fully set forth herein.

2. By its Complaint, Wall alleges that the '363 patent is valid and enforceable and that BondDesk has infringed it. BondDesk has denied these allegations. A justifiable controversy therefore exists between Wall and BondDesk.

3. A judicial declaration is necessary and appropriate at this time in order that BondDesk may ascertain its rights and duties with respect to the '363 patent.

4. These counterclaims arise under federal statutory law, including 35 U.S.C. § 271 *et seq.* and 28 U.S.C. § 2201. Accordingly, this Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Additionally, because there are now pending before this Court claims involving substantially related questions of law and fact, this Court presently has jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367.

## COUNT ONE
(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '363 PATENT)

5. BondDesk incorporates by reference Paragraphs 1-4 of these Counterclaims as if fully set forth herein.

6. None of BondDesk's products or activities infringe the '363 patent, whether directly, indirectly, literally, or by equivalents.

7. By virtue of the litigation that Wall has initiated against BondDesk, an actual and justiciable controversy exists between the parties concerning BondDesk's liability for allegedly infringing this patent.

8. BondDesk should be awarded a judicial declaration that it has not infringed, whether directly, indirectly, literally, or by equivalents, any claim of the '363 patent.

## COUNT TWO
### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '363 PATENT)

9. BondDesk incorporates by reference Paragraphs 1-8 of these Counterclaims as if fully set forth herein.

10. Each of the claims of the '363 patent is invalid under 35 U.S.C. §§ 101, 102, 103, or 112, and/or under the doctrine of obviousness-type double patenting.

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaimant BondDesk prays for relief as follows:

A. That the Court enter judgment in favor of BondDesk, and against plaintiff Wall;

B. That the Court find the '363 patent invalid and enter declaratory judgment to that effect.

C. That the Court find the '363 patent not infringed by BondDesk and enter declaratory judgment to that effect;

D. That Wall take nothing by its Complaint against BondDesk;

E. That the Court deny any and all of plaintiff Wall's requests for equitable relief, including injunctive relief;

F. That the Court dismiss Wall's Complaint in its entirety, with prejudice.

G.  That the Court find this case exceptional under 35 U.S.C. § 285, and award BondDesk its costs and fees in this action, including attorneys' fees, and pre-judgment interest thereon; and

H.  That the Court grant BondDesk such other and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

_____
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mgraham@mnat.com

*Attorneys for BondDesk Group, L.L.C.
and BondDesk Trading, L.L.C.*

OF COUNSEL:

Michael A. Jacobs
Rita F. Lin
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105-2482
(415) 268-7000

Dated:  April 11, 2008
2289483

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

>Karen E. Keller, Esq.
>YOUNG CONAWAY STARGATT & TAYLOR, LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on April 11, 2008 upon the following individuals in the manner indicated:

**BY E-MAIL AND HAND DELIVERY**

John W. Shaw, Esq.
Karen E. Keller, Esq.
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

**jshaw@ycst.com**
**kkeller@ycst.com**

**BY E-MAIL**

Michael W. Shore, Esq.
Alfonso Garcia Chan, Esq.
SHORE CHAN BRAGALONE LLP
325 North Saint Paul Street
Suite 4450
Dallas, TX 75201

**mshore@shorechan.com**
**achan@shorechan.com**

*/s/ Mary B. Graham*
_____
Mary B. Graham (#2256)

2248875