IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WALL CORPORATION | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 07-844-GMS |
| | § | |
| BONDDESK GROUP, L.L.C., and | § | |
| BONDDESK TRADING, L.L.C., | § | |
| | § | |
| Defendants. | § | |

**<u>PLAINTIFF'S REPLY TO DEFENDANTS' ANSWER AND COUNTERCLAIMS</u>**

Plaintiff Wall Corporation ("Wall Corp.") answers Defendants BondDesk Group, L.L.C.'s and BondDesk Trading, L.L.C.'s (collectively "BondDesk") Counterclaims as follows:

I.

**<u>ANSWER TO COUNTERCLAIMS</u>**

1. Wall Corp. admits only that the Court has subject matter jurisdiction over this action and personal jurisdiction over BondDesk. Wall Corp. denies any and all remaining allegations in Paragraph 1 of BondDesk's Counterclaims, which were incorporated by reference from the proceeding paragraphs in BondDesk's Answer.

2. Wall Corp. admits that the '363 patent is valid, enforceable and infringed by BondDesk. Wall Corp. denies any and all remaining allegations in Paragraph 2 of BondDesk's Counterclaims.

3. Wall Corp. denies the allegations of Paragraph 3 of BondDesk's Counterclaims.

4. Wall Corp. admits that BondDesk has filed a counterclaim for declaratory judgment. Wall Corp. admits that the Court has jurisdiction over these counterclaims pursuant to

28 U.S.C. §§ 1331(a), 1338(a), and 1367. Wall Corp. denies any and all remaining allegations in Paragraph 4 of BondDesk's Counterclaims.

### Reply to Count One of BondDesk's Counterclaims

5.   Wall Corp repeats its answers to Paragraphs 1-4 of BondDesk's Counterclaims as if fully set forth herein.

6.   Wall Corp. denies the allegations of Paragraph 6 of BondDesk's Counterclaims.

7.   Wall Corp. admits that an actual and judiciable controversy exists between the parties. Wall Corp. denies any and all remaining allegations in Paragraph 7 of BondDesk's Counterclaims.

8.   Wall Corp. denies that BondDesk is entitled to the relief sought in Paragraph 8 of BondDesk's Counterclaims. Wall Corp. denies any and all remaining allegations in Paragraph 8 of BondDesk's Counterclaims.

### Reply to Count Two of BondDesk's Counterclaims

9.   Wall Corp repeats its answers to Paragraphs 1-8 of BondDesk's Counterclaims as if fully set forth herein.

10.   Wall Corp. denies the allegations of Paragraph 10 of BondDesk's Counterclaims.

### Reply to BondDesk's Prayer for Relief

11.   Wall Corp. denies that BondDesk is entitled to the relief requested in Paragraphs A-H of its Prayer for Relief.

## II.

## AFFIRMATIVE DEFENSES

12.   BondDesk's counterclaims for declaratory relief are improper because they are duplicative of claims and issues already in suit between the parties.

## III.

## **RELIEF REQUESTED**

Wall Corp. respectfully requests that BondDesk's Counterclaims be dismissed, the Court award costs and attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285, the Court deny BondDesk the relief requested in Paragraphs A-H of its Prayer for Relief, and the Court grant such other relief as the Court deems just and proper.

                                                   YOUNG CONAWAY STARGATT & TAYLOR, LLP

                                                   */s/ Karen E. Keller*

                                                   John W. Shaw (No. 3362)
                                                 Karen E. Keller (No. 4489)
                                                 The Brandywine Building
                                                 1000 West Street, 17th Floor
                                                 Wilmington, Delaware 19801
                                                 (302) 571-6600
                                                 jshaw@ycst.com
                                                 kkeller@ycst.com

OF COUNSEL:

Michael W. Shore, Esquire
Alfonso Garcia Chan, Esquire
Patrick Traister, Esquire
SHORE CHAN BRAGALONE LLP
325 North Saint Paul Street
Suite 4450
Dallas, Texas 75201
(214) 593-9110


DATED: April 24, 2008

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on April 24, 2008, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Mary B. Graham, Esquire
>Morris Nichols Arsht & Tunnell LLP
>1201 North Market Street
>PO Box 1347
>Wilmington, DE 19899-1347

I further certify that on April 24, 2008, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and the following non-registered participants in the manner indicated:

### BY ELECTRONIC MAIL

>Michael A. Jacobs, Esquire
>[mjacobs@mofo.com]
>Rita F. Lin, Esquire
>[rlin@mofo.com]
>Morrison & Foerster LLP
>425 Market Street
>San Francisco, CA 94105-2482

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ Karen E. Keller
>Karen E. Keller (No. 4489)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19801
>(302) 571-6600
>kkeller@ycst.com