IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALL CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BONDDESK GROUP, L.L.C., and ) <br> BONDDESK TRADING, L.L.C., ) <br> ) <br> Defendant. ) <br> ) | C.A. No. 07-844 GMS |

## ORDER

1. On December 26, 2007, Wall Corporation ("Wall") brought this patent infringement action against BondDesk Group, LLC and BondDesk Trading, LLC (collectively, "BondDesk"). Presently before the court is BondDesk's motion to stay this proceeding pending reexamination of the patent-in-suit. (D.I. 11). For the reasons set forth below, the court will grant the motion.

2. The complaint alleges that BondDesk infringes United States Patent No. 7,231,363 (the "'363 patent"), entitled Method and System for Rebrokering Orders in a Trading System.

3. On June 3, 2008, BondDesk filed a request for *inter partes* reexamination of the '363 patent. On that same date, BondDesk filed the motion to stay that is presently before the court. The parties completed briefing on BondDesk's motion on June 30, 2008.

4. The Patent and Trademark Office (the "PTO") granted BondDesk's reexamination petition on August 22, 2008. In addition, the PTO issued an office action, on August 22, 2008, rejecting all fifteen claims of the '363 patent. (See D.I. 15 Ex. B.)

5. On November 10, 2008, the court held a scheduling conference with the parties. On November 20, 2008, the court entered a scheduling order (D.I. 23), setting the close of fact discovery for September 28, 2009, and a trial date of July 12, 2010.

6. The decision to stay a case is firmly within the discretion of the court. *See Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). This authority applies equally to patent cases in which a reexamination by the PTO has been requested. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (noting that "[c]ourts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.") (internal citations omitted). In determining whether a stay is appropriate, the court's discretion is guided by the following factors: "(i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set." *Xerox Corp. v. 3 Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999) (citing cases); *cf. United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991) (stating a similar test).

7. The first factor the court considers is prejudice to Wall and tactical advantage to BondDesk. As previously noted, the PTO has issued a first office action rejecting all claims of the '363 patent. The reexamination of the '363 patent is ongoing, however, and the court cannot predict the outcome or timing of the proceedings. Given the delay in the PTO proceedings, the court finds that the first factor weighs slightly against granting a stay.

8. The court next considers whether a stay will simplify the issues in question and trial of the case. If the court accedes to BondDesk's request and grants the motion to stay, BondDesk will be estopped from making the same invalidity arguments that it makes to the PTO during the reexamination proceeding (or any invalidity arguments that it could have made to the PTO) in this case, because the reexamination is *inter partes*. 35 U.S.C. § 315(c). The '363 patent is the only patent asserted by Wall in this lawsuit. Therefore, this estoppel will resolve many of the invalidity

issues and streamline the litigation. As such, this factor weighs in favor of staying the case.

9. Finally, the court considers whether discovery is complete and whether a trial date has been set. As previously mentioned, the court has entered a scheduling order, which sets a deadline for the parties to complete discovery and sets a trial date. BondDesk filed the present motion, however, early in the case, prior to the court's scheduling conference and entry of a scheduling order. Accordingly, this factor weighs in favor of granting a stay.

10. Weighing all of the considerations as it must, the court concludes that the interests in staying the litigation outweigh any interests in proceeding at this time. As discussed, the only factor that weighs against staying the litigation is the delay that might enure in the reexamination process.[1] The court finds that this delay does not, by itself, amount to undue prejudice. *See Research in Motion, Ltd. v. Visto Corp.*, 545 F. Supp. 2d 1011, 1012 (N.D. Cal. 2008) (granting a stay pending reexamination where the delay caused by reexamination was the only prejudice identified).

Therefore, IT IS HEREBY ORDERED that:

1. The defendant's Motion to Stay the Proceeding Pending *Inter Partes* Reexamination (D.I. 11) is GRANTED.

2. The parties shall notify the court when the PTO issues its reexamination decision on the '363 patent.

Dated: February 24, 2009

CHIEF, UNITED STATES DISTRICT JUDGE

---

[1] Wall argues that it will be prejudiced and BondDesk will gain a tactical advantage if the court grants the stay because (1) documents will be lost, witnesses' memories will fade, and witnesses will become unavailable; (2) a delay of the trial will force Wall to wait to collect infringement damages and there are no guarantees that BondDesk will be solvent in the future; and (3) the '363 patent inventors will be prevented from enforcing the patent against other infringers. The court has considered these arguments and rejects them as speculative or irrelevant to its determination of prejudice and tactical advantage.